UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY E. BOLTON, SR.,<br><br>  Plaintiff,<br><br>   v.<br><br>E. PERALES; EL CERRITO POLICE DEPARTMENT,<br><br>  Defendants.<br>_____/ | No. 15-cv-4689 LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF Nos. 1, 8] |

## INTRODUCTION

Gary E. Bolton, currently a pretrial detainee in custody at Napa State Hospital, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Mr. Bolton has consented to proceed before a magistrate judge. (ECF No. 7.)[1] This action is now before the court for review of Mr. Bolton's amended complaint. This order dismisses the amended complaint, and requires Mr. Bolton to file a second amended complaint.

## STATEMENT

This is one of several cases Mr. Bolton has filed since May 2015. The other cases are: *Bolton v. Hall*, No. 15-cv-3365 LB; *Bolton v. Andre Tony Miller*, No. 15-cv-3505 LB; *Bolton v. Chevron*, No.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-4689 LB
ORDER

1  15-cv-4406 LB; *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB; *Bolton v. Asian Sheriff Officer,*
2  No. 15-cv-4518 LB; *Bolton v. Ms. Karen*, No. 15-cv-5238 LB; and *In re. Bolton*, No. 15-cv-5566
3  JD. Some of the documents Mr. Bolton has filed in these actions indicate that he has significant
4  mental health problems. Mr. Bolton currently is "being held at [Napa State Hospital] under a court
5  order" pursuant to California Penal Code § 1370 "to address [his] immediate needs to regain
6  competency to stand trial." (ECF No. 9 at 1.) He is a pretrial detainee on a criminal charge that may
7  result in a Three Strikes sentence. (*See* ECF No. 3 in *Bolton v. Asian Sheriff Officer*, No.
8  15-cv-4517 LB.) Staff at Napa State Hospital are treating, or trying to treat, him with antipsychotic
9  medications. (*See* ECF No. 1 in *In re. Bolton*, No. 15-cv-5566 JD, and ECF No. 9 in *Bolton v Ms.*
10 *Karen*, No. 15-cv-5238 LB). In March or April 2015, he was taken into custody pursuant to
11 California Welfare and Institutions Code § 5150, which allows peace officers and certain other
12 persons to take a person into custody for up to 72 hours for assessment, evaluation, and crisis
13 intervention if the person, as a result of a mental health disorder, is gravely disabled or is a danger to
14 others or to himself. (*See* ECF Nos. 8 and 9 in *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB.)

15   In the present action, Mr. Bolton filed a complaint, and later an amended complaint. The
16 amended complaint superseded the original complaint, and provided the following statement of his
17 claim:

> 18 A bus driver was threatened and I told the followers I was tired of being followed so I threatened to sue, because the bus driver was told not to let me on the bus if I did not
> 19 pay. I then got the del Norte BART and was still being followed so I called 911. I called them for help they first searched me then rain my name took me to the police
> 20 station. I was scared so I made them keep the handcuffs on, they then took my money, diamonds, and a houndred thousand dollar insurance policy. I also called 911
> 21 and tried to turn in. This is all on the 911 call record. I had a lot of stuff in my bag and it all was took. They were looking for a diamond ring. On my property clothing
> 22 receipt there is no booking number and it is not signed by me.

23 (ECF No. 8 at 3 (errors in source.) The amended complaint listed the defendants as E. Perales and
24 the El Cerrito Police Department. Mr. Bolton alleged that E. Perales "could be a FBI agent that was
25 pretending to be a officer because they do it all the time that is what my last lawyer told me that is
26 why I am here." (*Id*. at 2.)

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The amended complaint has several problems. First, the allegations were at least implausible. The allegations in the amended complaint repeated a portion of a story that Mr. Bolton has presented in other recently-filed actions. When read in isolation, the allegations of the amended complaint in this action appear somewhat unlikely to be true, but when those allegations are read alongside other recent filings from Mr. Bolton, the allegations move further out on the spectrum past implausible and toward the delusional. Here, Mr. Bolton alleged that he had diamonds and an insurance policy that were taken, perhaps by the police. In this and other cases, Mr. Bolton has alleged that he has

1  found many things, including diamonds, a check for $4.69 million, a check for $5.5 million, gold,
2  and dead bodies in trash cans. (*See* ECF No. 8 in this action; ECF No. 1 at 3, 6 in Case No. 15-cv-
3  3505 LB; ECF No. 1 at 5-6 in Case No. 15-cv-3365 LB.)  Here, Mr. Bolton alleged that he was
4  followed.  In this and other cases, Mr. Bolton has alleged that he has many, many times been
5  followed by unidentified persons and the police, who are trying to kill him.  (*See* ECF No. 8 in this
6  action; ECF No. 1 at 3 in Case No. 15-cv-3505 LB ("I was also po[ison]ed by his works [and]
7  followed by special agents"); *id.* at 7 (he is in fear for his life because he is in the hospital with the
8  same people who have been trying to kill him on the streets); ECF No. 1 at 5-6 in Case No. 15-cv-
9  3365 LB (he has "been followed by special agents" for the last three years and has been "set up so
10 many times" he has "lost count").)  Here, Mr. Bolton alleged that he had a $100,000 insurance
11 policy.  In the past, Mr. Bolton has alleged that his uncle, Andre Tony Miller, is trying to have him
12 killed for insurance proceeds, and has used the police to try to kill Mr. Bolton for that reason. (*See*
13 ECF No. 1 at 3 in Case No. 15-cv-3505 LB.)

14    The *in forma pauperis* statute, 28 U.S.C. § 1915, and the prisoner litigation screening statute, 28
15 U.S.C. § 1915A, accord judges "not only the authority to dismiss a claim based on an indisputably
16 meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual
17 allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v.*
18 *Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
19 "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with
20 which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also Andrews v.*
21 *King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or importance:
22 having no basis in law or fact'").  Even a complaint that is not actually delusional, but does not state
23 enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell Atlantic Corp.*
24 *v. Twombly*, 550 U.S. at 555.  Mr. Bolton's story in his amended complaint, viewed against the
25 backdrop of his earlier complaints, failed to state enough facts to present a plausible claim for relief.
26 Mr. Bolton will be permitted to file a second amended complaint in which he alleges facts sufficient
27 to present a claim to relief that is plausible on its face.
28

Second, even assuming for a moment the truthfulness of his story, Mr. Bolton did not allege a constitutional violation based on his encounter with the police. Not every seizure of a person or property violates a person's constitutional rights, and the amended complaint did not describe how his seizure violated his Fourth Amendment rights. The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994). "'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted). For an arrest, probable cause exists if "'there is a fair probability or substantial chance of criminal activity,'" a determination that is made based on the totality of the circumstances then known to the arresting officer. *Id.* (citation omitted). Mr. Bolton may, in his second amended complaint, attempt to allege facts showing that his seizure was without probable cause and violated the Fourth Amendment.

Mr. Bolton also did not allege enough facts to plausibly show a constitutional violation with regard to the property allegedly taken; he was unclear whether a defendant stole the property, the property was taken incident to him being booked into the jail, or the property was taken as part of an investigation. The legal analysis may differ depending on the reason the property was taken. For example, the seizure of property for investigatory purposes must comply with both the Fourth Amendment and procedural due process. *See Sanders v. City of San Diego*, 93 F.3d 1423, 1428 (9th Cir. 1996); *see id.* at 1428-29 (in most cases, a seizure that complies with the Fourth Amendment will also comply with procedural due process). In his second amended complaint, Mr. Bolton should explain why the police took his property, whether he made requests to the police department for a return of his property, and whether the items were returned.

Third, Mr. Bolton did not identify any constitutional protection infringed upon by being watched and followed, as he allegedly was. In his second amended complaint, he must identify the constitutional right he believes was violated by him being watched and followed.

Fourth, Mr. Bolton listed two defendants in his amended complaint, but did not allege what either of them did or failed to do that caused a violation of his rights under the Constitution or laws of the United States, as he must to state a claim under § 1983. His allegations that identify

wrongdoers only as "they" and "them" are insufficient to state a claim against either of the named defendants. Mr. Bolton must link each proposed defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Mr. Bolton will be permitted to file a second amended complaint. In his second amended complaint, Mr. Bolton must cure the deficiencies discussed above and allege facts showing what each defendant did that amounted to a violation of his rights under the Constitution or laws of the United States.

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED WITH LEAVE TO AMEND. The second amended complaint must be filed no later than **February 19, 2016**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Mr. Bolton is cautioned that his second amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the second amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: January 19, 2016

_____
LAUREL BEELER
United States Magistrate Judge